**Orlando W. HODGE, Petitioner-Appellant,**

v.

**T. W. MARKLEY, Warden, United States Penitentiary, Terre Haute, Indiana, Respondent-Appellee.**

**No. 14563.**

United States Court of Appeals Seventh Circuit.

Jan. 11, 1965.

Holland C. Capper, Chicago, Ill., for appellant.

Richard P. Stein, U. S. Atty., Robert W. Geddes, Indianapolis, Ind., for appellee.

Before DUFFY and KNOCH, Circuit Judges, and MAJOR, Senior Circuit Judge.

DUFFY, Circuit Judge.

The petitioner who is confined in the United States penitentiary at Terre Haute, Indiana, petitioned the United States District Court for the Southern District of Indiana for the issuance of a writ of habeas corpus. Petitioner claims his constitutional rights were violated because he was effectively denied counsel and the opportunity to present testimony of voluntary witnesses at his parole revocation hearing which was held far

from his home and the place of the alleged parole violation. The District Court, without hearing evidence, denied the application for the writ of habeas corpus. Petitioner appealed to this Court in forma pauperis. We appointed counsel to represent him on this appeal.

Petitioner was convicted of a violation of the federal narcotic laws. He was sentenced to serve a three to nine year term. After six years confinement, he was mandatorily released, having served his full term less time earned for good behavior. In accordance with federal law, he was placed on parole for the remainder of his term less 180 days.

After petitioner was released from prison in 1961, he resided in Columbus, Ohio, where his mother lived. His parole officer was named Williams. In February 1963, petitioner was convicted in a state court for petty larceny and reckless operation of a motor vehicle. Parole Officer Williams knew of the incident but did not feel it necessary "to violate" the petitioner who continued on parole until arrested on June 29, 1963 for alleged parole violation. This arrest followed a report dated June 3, 1963 by Parole Officer Miller with whom petitioner had had no previous contact.

Petitioner was not afforded a hearing in Columbus, Ohio, his place of residence, and the place of the alleged parole violation. Instead, he was transported to the United States penitentiary at Terre Haute, Indiana. A hearing was there held. Petitioner was told he could have counsel of his own choosing and present voluntary witnesses at a revocation hearing to be held in October. However, he signed a waiver and thus obtained an immediate hearing.

We have, this day, handed down our opinion and decision in Richardson v. Markley, 339 F.2d 967. In that case, the petitioner filed a petition for a writ of habeas corpus seeking release from the federal penitentiary at Terre Haute, Indiana. He alleged the invalidity of the proceedings resulting in the revocation of his parole. In Richardson, we described and discussed in considerable detail, the

applicable federal statutes, and also various practices, rules and proceedings of the United States Board of Parole. In the instant opinion, we incorporate by reference, our statements in Richardson with reference to such statutes, rules, practices and proceedings.

As pointed out in our decision in Richardson v. Markley, 339 F.2d 967, the Board of Parole amended its rules on August 24, 1962, so that each parolee or mandatorily released violator would be advised that he may, upon request, be represented by counsel and call voluntary witnesses having relevant and material information; and that after the Hyser decision, the Board of Parole, on October 5, 1963, again amended its rule to provide the parolee with a hearing prior to his transfer to a federal institution, if requested, and if the parolee had not been convicted of a crime while under community supervision.

Our comments in Richardson v. Markley on the decision in Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, are applicable here. In Hyser, the Court did *not* say that the failure to provide petitioner with a preliminary hearing or any of the other steps mentioned, was a violation of the parolee's constitutional rights.

We hold in the case at bar that petitioner's confinement is not unlawful because he was not furnished counsel at the revocation proceedings, or because preliminary hearing was not granted in the district of the alleged parole violation.

One of the points principally stressed by petitioner is that nine years (his maximum sentence) have expired since his commitment on November 18, 1955; that inasmuch as his full term expired on November 17, 1964, he was entitled to be released on that date and that inasmuch as release was not granted, habeas corpus should issue.

Title 18, United States Code, Section 4205 provides: *"Retaking parole violator under warrant; time to serve undiminished.* A warrant for the retaking of

any United States prisoner who has violated his parole, may be issued only by the Board of Parole or a member thereof and within the maximum term or terms for which he was sentenced. The unexpired term of imprisonment of any such prisoner shall begin to run from the date he is returned to the custody of the Attorney General under said warrant, and the time the prisoner was on parole shall not diminish the time he was sentenced to serve."

Petitioner insists, however, the courts have misconstrued the applicable statute; that properly interpreted, the statute does not permit incarceration past the expiration date of the maximum sentence. If the statute is so interpreted, petitioner says it offends against the Fifth Amendment to the United States Constitution forbidding double jeopardy for one offense.

Petitioner argues that the words " * * * the time the prisoner was on parole shall not diminish the time he was sentenced to serve" simply means that such a parole prisoner does not earn good time while on parole; that accordingly, if arrested for parole violation, he faces imprisonment for the total unexpired term of his maximum sentence, but not beyond.

In Dolan v. Swope, 7 Cir., 138 F.2d 301, this Court held that the predecessor statute to § 4205 hereinbefore quoted is not unconstitutional as increasing sentence and thereby subjecting a prisoner to double jeopardy. The decision in Dolan v. Swope has met approval in other Circuits. It is still the law in this Circuit, and applies to revocations of parole under Section 4205.

The Court of Appeals for the District of Columbia, in construing a provision of the District of Columbia Code (D.C.Code 1961, § 24–206), which is similar to 18 U.S.C. § 4205, in a comparatively recent decision, has held that a prisoner was not entitled, on return to prison following the revocation of parole, to credit against the remaining sentence for time spent on parole. The Court stated at page

312: "The language of the statute is clear and the import of similar language under the general federal parole statute has been acknowledged in many cases." Bates v. Rivers, 116 U.S.App.D.C. 306, 323 F.2d 311 (1963).

In Van Horn v. Maguire, 5 Cir., 328 F.2d 585, 586, which involved the same issue, the Court stated: "This appeal from denial of habeas corpus borders on the frivolous."

Consistent with our holding in Dolan, and in accord with all of the published decisions on this point of which we are aware, we hold the petitioner was not entitled to credit on his original sentence for the time which he spent on parole.

We have considered other points raised by petitioner herein, but do not think that they merit further discussion.

Holland C. Capper, Esquire, of the Chicago Bar, was court-appointed counsel upon this appeal. We thank Mr. Capper for his diligent and competent efforts upon behalf of the petitioner.

Judgment
Affirmed.