Charles H. **PHILLIPS**, Appellant,

v.

**UNITED STATES BOARD OF PAROLE** et al., Appellees.

No. 19125.

United States Court of Appeals District of Columbia Circuit.

Submitted May 14, 1965.

Decided Sept. 1, 1965.

---

Appellant filed a brief, pro se, and his case was treated as submitted thereon.

Messrs. David C. Acheson, U. S. Atty., and Harold H. Greene, Atty., Dept. of Justice, at the time of argument, submitted on the brief for appellees.

Before DANAHER, WRIGHT and McGOW-AN, Circuit Judges.

PER CURIAM.

Appellant, an inmate at the federal penitentiary at Leavenworth, Kansas, filed a complaint in the District Court against appellees, members of the United States Board of Parole, seeking his release from detention. He alleged, essentially, that appellees had revoked his conditional release from a previous sentence without affording him a local revocation hearing of the kind contemplated by this court in Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225 (1963). He contended also that appellees improperly failed to allow him credit against his original sentence for the time he was released. The District Court granted appellees' motion for summary judgment as to both grounds of appellant's complaint. We affirm its judgment in respect of the second ground, but we believe it ought not to have disposed of his primary claim simply on the basis of the pleadings and affidavits.

I

Appellant was convicted in the Eastern District of Missouri for violating the federal narcotics laws on January 13, 1956, and sentenced to a term of ten years imprisonment. In early 1962, with 1,442 days remaining to be served on the full term, he was conditionally released to the Northern District of Illinois, the district of his domicile. More than a year and a half later, on September 15, 1963, he was arrested in Nevada on a charge of violating the narcotics laws. A warrant charging him with violating his conditional release issued shortly thereafter, and he was taken into custody under this warrant on December 20, 1963. By the terms of the Board's order revoking his conditional release, appellant's service of his original ten-year sentence recommenced on this latter date and will be completed 1,442 days later on November 30, 1967. Appellant contended in

the District Court, and contends here, that he is entitled to have his sentence expire on January 12, 1966, ten years from the date on which his service of it commenced.

■ Sections 4205 and 4207 of Title 18 of the U.S.Code explicitly permit the Board to require a parolee whose parole is revoked to serve the entire unexpired portion of his original sentence. The constitutionality of this practice has been consistently upheld by the courts of appeals, including this one. See, *e. g.*, Story v. Rives, 68 App.D.C. 325, 97 F.2d 182, cert. denied, 305 U.S. 595, 59 S.Ct. 71, 83 L.Ed. 377 (1938); Hodge v. Markley, 339 F.2d 973 (7th Cir. 1965); Van Horn v. Maguire, 328 F.2d 585 (5th Cir. 1964); see also Bates v. Rivers, 116 U.S. App.D.C. 306, 323 F.2d 311 (1963) (parole under District of Columbia statute). Appellant here was a mandatory releasee, as was the appellant in *Story*, but the applicable statute provides now, as it did then, that one so released "shall * * * be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced * * *." 18 U.S.C. § 4164. Appellant, therefore, could lawfully be required to serve the remaining 1,442 days of his sentence, without credit for the time he was released. Story v. Rives, *supra*.

## II

In support of the District Court's entry of summary judgment on the first portion of appellant's complaint, appellees advance two arguments. First, they point out that appellant's claim that he was denied a local revocation hearing prior to his return to prison was unsupported by extra-pleading proof. Appellees' contention that appellant was given an opportunity to request such a hearing but refused to do so, on the other hand, was supported by the affidavit of Lee A. Rubens, a United States Probation Officer, who averred that he had interviewed appellant four days following his arrest on the Board's warrant and

had tendered him Parole Form 59A, which contained an offer of a local hearing. Appellant, according to Rubens, refused to sign the form. Appellant's failure to substantiate the allegations in his complaint with documentary or other evidence in effect left Rubens' affidavit uncontradicted for purposes of their motion for summary judgment, appellees now contend, and thus the District Court could properly conclude that there was "no genuine issue as to any material fact and that [appellees were] . . . entitled to a judgment as a matter of law." FED.R.CIV.P. 56(c).

Alternatively, appellees argue that any defect in their treatment of appellant was cured on June 2, 1964, some three months after the filing of his complaint, by a new "offer" of a local hearing at which appellant could be represented by counsel and call witnesses on his behalf. This offer is said to be evidenced by the affidavit, filed in support of appellee's motion, of James K. Boen, a Parole Officer at the Leavenworth penitentiary. Under any view of the events prior to that date, appellees argue, appellant's complaint was rendered moot by his failure to accept Officer Boen's concededly belated offer of the very relief he sought in this suit.

■ In the circumstances of this case, neither of these grounds was sufficient, in our view, to warrant granting appellees' motion. Although nominally a civil case, appellant's suit possesses many of the characteristics of a collateral attack on a criminal conviction. Appellant has been in the custody of the federal prison system from the inception of this litigation and has, thus, been operating under the handicaps such detention necessarily imposes upon a litigant, both in terms of ability to secure the advice of counsel and of opportunities to track down the evidence necessary to support his case. He has, moreover, been without the advice or assistance of counsel since his interview by Officer Rubens.[1]

---

1. In his complaint, appellant alleges that he completed the form requesting a local

hearing "in the presence of his counsel." The record does not indicate that he

Finally, appellant has lacked the opportunity of appearing for himself in person, and, as a consequence, both the District Court and this court have been deprived of another means of discovering the bases of his complaints and assaying the credibility of his representations. In these circumstances, we think it would be unfair, both to appellant and to appellees, to apply the requirements of Rule 56 with strict literalness. Appellant has neither the facilities nor has he had the opportunity to provide the documentary evidence that would have been necessary, by ordinary standards, to defeat appellees' motion for summary judgment.

Appellant alleged in his complaint that:

At a conference with a parole officer held in the Courthouse after his arrest, plaintiff denied any violation, and requested that a hearing be held in Chicago and that he be informed of the charge and have his counsel present at the hearing as provided by statute. *Plaintiff filled out the form required for this purpose* * * *.

Appellees answered that appellant had indeed been offered a chance to request a hearing, but had refused either to elect or to waive a hearing. Appellant reiterated his version of the interview in a "traverse" of appellees' response, and claimed in addition that he had made his request in the presence of two other federal prisoners, one of whom was also incarcerated in Leavenworth. He asked the court to "order depositions submit-

ted by these persons," who presumably could provide documentary support for his allegations. So far as the record reveals, no action was ever taken on this request. Appellees' motion for summary judgment was accompanied by the affidavits of Lee A. Rubens and of David Strong, apparently one of the two prisoners appellant claimed had been present when he requested a local revocation hearing. Rubens stated that he had interviewed appellant on December 24, 1963, and that:

During this interview I offered a Form 59A to Charles H. Phillips in order that he could choose any alternative on this Form and sign this Form so that I could submit it to the Parole Executive. This individual refused to sign the Form and refused to make any choice with reference to any alternatives on the Form.

Strong, however, declared that he had observed appellant complete a Form 59A furnished him by Rubens at a meeting on October 21, 1963.

When the District Court ruled on appellees' motion, it had before it appellant's verified complaint, based on the "best of his knowledge and belief," alleging that he had signed a request for a local hearing; appellees' unverified denial; Rubens' affidavit; and Strong's affidavit. These papers reflected two different versions of the December 24 interview, and Strong's affidavit suggested that there may have been an earlier meeting between Rubens and appellant.[2] In light of appellant's situation, caution

was represented by an attorney at any later time, and the complaint itself was filed by appellant *pro se* on March 23, 1964.

2. Appellees characterize Strong's affidavit as "immaterial," and point out that it related "to an alleged preliminary interview conducted in October, 1963, before appellant was even arrested on the parole violator's warrant." The implication is that this "interview" could not have taken place. But the record reveals that appellant was within the jurisdiction of the United States District Court for the Northern District of Illinois at least as

early as December 11, 1963, nine days before he was taken into custody on the Board's warrant, and it conspicuously fails to indicate appellant's whereabouts between the time of his arrest in Nevada in September and his appearance in Chicago, a period of nearly three months. We cannot say, therefore, that the record conclusively establishes that Strong was mistaken or lying about the date of appellant's meeting with Rubens. Moreover, his affidavit does corroborate appellant's allegation that he did complete a Form 59A in Rubens' presence.

was indicated in the granting of appellees' motion simply on the basis of these papers. Although the literal requirements of Rule 56(e) may not have been complied with we think the record disclosed a "genuine issue" as to whether appellant had refused to request, and had thereby waived, a local hearing prior to the revocation of his release.

Nor do we think that appellant's complaint, if well-founded when filed on March 23, 1964, was rendered academic by what subsequently happened. According to appellees, appellant on June 2 was offered a local hearing, either in Chicago or at Leavenworth Penitentiary. By failing to express a preference for one location or the other, they argue, he failed to avail himself of the opportunity and "thus waived the local hearing offered him. * * *" Having later signed a waiver of assistance of counsel and the production of witnesses, appellant cannot now complain that the hearing held at the penitentiary on July 9, without counsel, was inadequate. Appellees rely on the affidavit of James K. Boen (set forth in full below),[3] Parole Officer at Leavenworth Penitentiary, as conclusively supporting their version of the June 2 interview. We are not persuaded that it does.

Nowhere does Boen state that he "offered" appellant a local hearing on June 2, 1964. He says simply that he inquired of appellant whether he had any witnesses "who can present testimony to disprove the charges," and, if so, whether it would be easier for them to testify where they reside or at the penitentiary. Apparently the only possible witness appellant mentioned was his wife, who lived in Chicago and would find it "most difficult and expensive" to testify in Kansas. It may or may not be possible to infer from Boen's affidavit that he had offered appellant a hearing in Chicago if he wanted it, but in any event a final judgment entered without a trial on the merits ought not to depend on such equivocal inferences. If Boen's affidavit can reasonably be interpreted as an affirmation that appellant was in fact *offered* a hearing, it seems no less reasonable to construe appellant's response as an election of Chicago as the site for his hearing.

### III

Only three facts emerge with any clarity from this scrambled collection of allegations and counter-allegations. The first is that appellant is now incarcerated solely because of alleged violations of his conditional release. He has never yet been prosecuted on the charge on which he was arrested in Nevada and for which, among other things, his release was revoked. (The record does not disclose whether that charge is still pending against him.) Second, appellant's release was revoked without a hearing of the kind contemplated by this court in Hyser v. Reed. Appellees have never suggested otherwise but have contended throughout that appellant on two occasions waived his right to such a hearing. And, third, appellant has never had a hearing on

3. AFFIDAVIT

I, James K. Boen, Parole Officer, do hereby swear and affirm that I have interviewed Charles H. Phillips, 73087-L, on June 2, 1964, and asked him to advise me if he has any witnesses who can testify as to the charges indicated in the referral form which has been read to him and of which he has been given a copy.

I told him if he has any witnesses who can present testimony to disprove the charges to inform me of this and to give me their names and addresses. I further told him to inform me if the witnesses mentioned could and would appear for him to testify in his behalf either here or in the community where they reside. Phillips stated to me, "Yes, my wife Dorothy Phillips who resides at 5927 Eggleston Avenue, Chicago, Illinois, can and will testify in my behalf either at the United States Penitentiary, Leavenworth, Kansas, or in Chicago, Illinois, the place of her residence, although to testify at Leavenworth will make it most difficult and expensive for her."

s/ James K. Boen,
James K. Boen,
Parole Officer
U. S. Penitentiary,
Leavenworth, Kansas

whether he did in fact waive his right to a prompt, local hearing before his release was revoked. We think that, at a minimum, he is entitled to a hearing on this latter issue.

This case repeats a distressingly familiar pattern of suits brought in the District of Columbia against the Board of Parole by a prisoner incarcerated far away from Washington, D.C., and based on events alleged to have taken place in distant parts of the country. A characteristic of this pattern is that both the prisoner, as a matter of necessity, and the Board, as a matter of practical convenience, rely almost exclusively on documentary evidence. Another common and unfortunate element is that the prisoner, even though he may be able to pay for legal assistance, seldom receives it because his ignorance and the necessary restrictions on his freedom of movement have prevented him from retaining local counsel. It seems to us obvious that such suits, of which this one is typical, could be more fairly and no less efficiently heard in a district closer to the prisoner's place of detention or to the locale of the events which are alleged to give rise to his claim.

Following our remand, therefore, we suggest that the District Court explore the possibility of transferring this action, either to the District of Kansas or to the Northern District of Illinois. See 28 U.S.C. §§ 1391(e), 1404(a); see also Van Dusen v. Barrack, 376 U.S. 612, 623, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964). To facilitate its inquiry, the District Court may wish either to appoint counsel to represent appellant, or to serve as *amicus* on the issue of a possible transfer.[4] In the event that it concludes that transfer is not possible or not feasible, it may, of course, seek to provide appel-

lant with representation for the duration of the proceedings here.

The award of summary judgment is reversed and the case remanded for further proceedings not inconsistent herewith.

It is so ordered.

---

4. It is not clear that appellant is without means to retain counsel to represent him, although, for whatever reason, he has thus far been unsuccessful in doing so. Indeed, the record suggests that appellant might be able to pay an attorney if he were put in communication with one. In his complaint he requested the District Court to "command [his] * * * appearance to enable him to engage counsel and prepare his case," and he later asked the Court, by letter, to permit him to appear in person so that he might "secure the services of counsel in Washington."