**William H. YOUNG, Petitioner,**

**v.**

**DIRECTOR, U. S. BUREAU OF PRIS-ONS, et al., Respondents.**

**Vito J. ROSSELLO, Petitioner,**

**v.**

**UNITED STATES BOARD OF PAROLE, Respondent.**

**Misc. Nos. 2868, 2874.**

United States Court of Appeals District of Columbia Circuit.

Sept. 28, 1966.

Petition for Rehearing En Banc in Misc. No. 2868 Denied Nov. 8, 1966.

William H. Young, pro se in Misc. No. 2868.

No appearance for respondent in Misc. No. 2868.

Vito J. Rossello, pro se in Misc. No. 2874.

Messrs. David G. Bress, U. S. Atty., and Frank Q. Nebeker, Asst. U. S. Atty., entered appearances for respondent in Misc. No. 2874.

Before BAZELON, Chief Judge, McGOW-AN and LEVENTHAL, Circuit Judges.

ORDER

PER CURIAM.

On consideration of petitioners' petitions for leave to prosecute appeals without prepayment of costs, and it appearing that no answers thereto have been filed by respondent, it is

Ordered by the court that the petition of Vito J. Rossello in Misc. No. 2874 is denied, and it is

Further ordered by the court that the petition of William H. Young in Misc. No. 2868 be granted; petitioner is allowed to prosecute his appeal without prepayment of costs; the order of the District Court on appeal is vacated, and

the case is remanded to the District Court with instructions to transfer the case to the United States District Court for the Middle District of Pennsylvania.

PER CURIAM:

Petitioners, both inmates at the Federal Penitentiary, Lewisburg, Pennsylvania, brought separate declaratory judgment actions against the United States Board of Parole and other federal officials in the District Court. In Misc. No. 2868, Young sought a declaration that the time he spent on parole before recommittal as a parole violator must be credited against his sentence. The district judge went to the merits and granted respondents' motion to dismiss the complaint. In Misc. No. 2874, Rossello primarily complained of delay in the issuance and execution of a parole violator warrant. The district judge granted respondent's motion, pursuant to 28 U.S.C. § 1404(a),[1] to transfer the proceedings to the United States District Court for the Middle District of Pennsylvania, the district of Rossello's confinement. Both Young and Rossello seek leave to appeal *in forma pauperis:* Young from the dismissal of his complaint, Rossello from the order transferring his case to the Pennsylvania district court.[2] Because the petitions raise similar issues, we deal with the cases together.

■■ In 1961, we held that an action for declaratory judgment could be maintained in order to test the validity of a parole revocation even if the revocation could also be tested by way of habeas corpus in the district of confinement. Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F.2d 844 (1961). Following *Hurley,* declaratory judgment actions have been brought in other situations arising under the parole statutes by inmates confined in federal institutions across the country.[3] Because of the restrictive reach of the federal venue statute, 28 U.S.C. § 1391, when *Hurley* was decided, the practical effect was to require our District Court to entertain such actions.[4] Although the venue statute was amended in December of 1962,[5] we have not had occasion to decide whether *Hurley* obligates the District Court to entertain declaratory judgment actions brought by inmates not confined in the District of Columbia, not sentenced in the District of Columbia, and seeking resolution of issues in no way related to this jurisdiction.[6] *Rossello* squarely poses that issue. In light of the 1962 amendment to the venue statute, we hold that *Hurley* does not preclude transfer to the district of confinement pursuant to 28 U.S.C. § 1404(a) and that, absent extraordinary circumstances which we need not today delineate, such actions should ordinarily be transferred as a matter of course.

There are several reasons why we consider this course to be "in the interest of justice." First, transfer accords with the Congressional purpose underlying

1. "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

2. We have found it unnecessary to decide whether the order of transfer may be challenged on direct appeal since we have construed Rossello's petition as seeking, alternatively, a writ in the nature of mandamus. Cf. Van Dusen v. Barrack, 376 U.S. 612, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964).

3. *E.g.,* Phillips v. United States Board of Parole, 122 U.S.App.D.C. 235, 352 F.2d 711 (1965) (Kansas inmate challenging revocation of conditional release and sentence computation); Mock v. United States Board of Parole, 120 U.S.App.D.C. 248, 345 F.2d 737 (1965) (Kansas inmate, sentenced in Michigan, challenging delay in execution of parole violator's warrant).

4. In 1961, venue in such cases lay "only in the judicial district where all defendants reside * * *."

5. 28 U.S.C. § 1391(e) now permits suit against government officials in the judicial district of plaintiff's residence.

6. In Phillips v. United States Board of Parole, *supra,* 122 U.S.App.D.C. at 240, 352 F.2d at 716, we remanded such a case for further proceedings, suggesting that the district judge consider the advisability of transferring the case.

the 1962 amendment to 28 U.S.C. § 1391.[7] Second, transfer is practically desirable since, if an evidentiary hearing is necessary to resolve disputed issues of material fact, the inmate will be readily available. Third, transfer will discourage duplicitous litigation and will relieve the courts of this jurisdiction from the unnecessarily onerous task of deciding cases brought "by a prisoner incarcerated far away from Washington, D.C., and based on events alleged to have taken place in distant parts of the country." Phillips v. United States Board of Parole, *supra*, 122 U.S.App.D.C. at 240, 352 F.2d at 716. Hereafter, if such cases are instituted in this jurisdiction, the pleadings are to be preliminarily examined to determine whether any compelling reason requires the matter to be litigated here. If no such reason appears, transfer of the case to the district of confinement would be in order.[8] While there may be exceptional circumstances which would warrant retention of jurisdiction, it seems to us that such cases would be rare.

We consider frivolous Rossello's claim that the District Court abused its discretion in transferring the case to the Middle District of Pennsylvania. Accordingly, we will deny his petition for leave to appeal. In Young's case, we discover no extraordinary circumstances that would require his action to be litigated here. We will, therefore, grant his petition for leave to appeal *in forma pauperis*, vacate the judgment below, and remand with instructions that his case be transferred to the Middle District of Pennsylvania.[9]

It is so ordered.

LEVENTHAL, Circuit Judge, did not participate in the foregoing order and opinion.

---

7. Congress found that no sound reason required all actions against federal officials to be litigated exclusively in the District of Columbia (S.Rep. No. 1992, 87th Cong., 2d Sess. 3 (1962) U.S.Code Congressional and Administrative News, p. 2784) and expressed the view that the more liberal venue provisions would materially reduce congestion in the District Court for the District of Columbia which is "already heavily burdened" and where "substantial delays are incurred." H.R. Rep. No. 536, 87th Cong., 1st Sess. 3 (1961).

8. Of course, were the district court to find that some other district would best suit "the convenience of parties and witnesses" or "the interest of justice" in a given case, today's decision would not preclude a transfer to such court. Similarly, because of its unique relationship to the District of Columbia, different considerations may well apply to actions instituted by inmates of the Lorton Reformatory, Lorton, Virginia.

9. In view of our disposition on the transfer issue, we have not had occasion to pass on the substantive merits of either case.