**Arthur HANNAH, Appellant,**

v.

**UNITED STATES of America, Appellee.**

**No. 21983.**

United States Court of Appeals
District of Columbia Circuit.

Argued Jan. 24, 1969.

Decided March 25, 1969.

---

Mr. Robert M. Goolrick, Washington, D. C., for appellant. Mr. James V. Dolan, Washington, D. C., also entered an appearance for appellant.

Mr. Ralph A. Fine, Attorney, Department of Justice, with whom Asst. Atty. Gen., Edwin L. Weisl, Jr., at the time the brief was filed, Messrs. David G. Bress, U. S. Atty., and John C. Eldridge, Attorney, Department of Justice, were on the brief, for appellee. Mr. Frank Q. Nebeker, Washington, D. C., also entered an appearance for appellee.

Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge, and McGOWAN, Circuit Judge.

## PER CURIAM:

Appellant is a federal prisoner incarcerated and receiving treatment in the Medical Center for Federal Prisoners at Springfield, Missouri. He appeals in forma pauperis from the dismissal for want of prosecution of his complaint under the Federal Tort Claims Act,[1] 28 U.S.C. §§ 1346(b), 2671 et seq. The background of the case may be stated as follows:

During September, 1962, appellant was committed[2] to St. Elizabeths Hospital for mental examination. He alleges in his complaint, filed in September, 1964, in our District Court that while committed to St. Elizabeths Hospital he suffered injuries to his head when struck by a bedside locker he was moving at the direction of a ward attendant, and that negligence of employees of the hospital was a cause of these injuries. He further alleges that employees of the various federal institutions in which he has since been incarcerated negligently failed to diagnose and properly treat his injuries, thereby resulting in permanent-total vision impairment.

In January, 1966, he sought an order compelling the United States to transfer him to Washington for a physical examination. The pre-trial examiner recommended denial but without prejudice to renewal if other arrangements proved ineffectual.[3] There is no indication other arrangements were sought. Appellant's counsel certified the case as ready for trial in August, 1966. At a pre-trial conference in February, 1967, his counsel was directed to take up with the Assignment Judge the matter of producing appellant for trial, which was set for January 11, 1968. On January 8, 1968, though he had not taken the matter up with the Assignment Judge, counsel again moved to compel appellant's production for trial. In its opposition the United States pointed out that the action was not brought in forma pauperis. The motion was denied on February 9, 1968, and trial was rescheduled for February 23, 1968.

1. In its brief in this court the United States describes appellant's suit as one "for damages he allegedly sustained in September of 1962, while confined as a federal prisoner." We note the provisions of 18 U.S.C. § 4126 (1964), as amended by Pub.L. No. 87–317, 75 Stat. 681 (1961). See United States v. Demko, 385 U.S. 149, 87 S.Ct. 382, 17 L.Ed.2d 258. We intimate no view as to the applicability of that section, a question not presented by either party.

2. Appellant was committed to St. Elizabeths Hospital by order of the United States District Court for the Eastern District of Virginia.

3. This recommendation became the order of the court when no objections were taken within five days. Local R. 9(i)(1) (D.D.C.).

On that date counsel renewed the motion previously denied and, in the alternative, moved for leave to take appellant's deposition for use at trial.[4] Upon oral motion of the United States, the District Court denied appellant's motions and dismissed the case for want of prosecution.

Based upon the situation as it thus appeared to the District Court we cannot hold that the court abused its discretion in dismissing the action. A development since then, however, gives a somewhat different complexion to the case, and leads us to resort to the authority granted by 28 U.S.C. § 2106[5] to give an opportunity to counsel to obtain consideration of the case on the merits if this may be accomplished through his efforts to obtain the deposition of appellant. On February 23, 1968, he requested leave to do so, without, however, then proceeding in forma pauperis. The development referred to is that since the District Court dismissed the complaint by the order on appeal, appellant has obtained the status of a pauper. He prosecutes the appeal in forma pauperis. While the authority of our court under 28 U.S.C. § 2106 is to be exercised sparingly, guided by principles grounded in law and equity, we think this case presents an occasion for its exercise. There is a natural concern due to the fact that in seeking consideration of his complaint appellant has been seriously handicapped by his incarceration in Springfield, Missouri, by his mental condition and by the difficulties thus posed for his counsel.[6] Having acquired the right to proceed in forma pauperis, a status we may assume he can sustain now in the District Court, he may be able to obtain the assistance needed to place his evidence in deposition form, which he has been unable to do because of lack of resources. To give him the opportunity to take advantage of his present status, we vacate the order of dismissal and remand the case. The District Court under its authority, which includes Rule 26(a), note 4, *supra,* can extend to appellant— we assume counsel will assure the court of his willingness to act with expedition, for the case has been pending since 1964 —opportunity within a reasonable period of time, to be fixed by the court, to obtain the deposition of appellant at the Springfield institution with the assistance of such public agencies as can be enlisted, or such other assistance as can be made available. If successful in this the District Court could set the case for trial or otherwise dispose of it as the court should decide to be mete and proper. We do not preclude the possibility that the United States might be able to make appellant personally available, or otherwise assist in obtaining a decision on the merits.

It is so ordered.

---

4. "The deposition of a person confined in prison may be taken only by leave of court on such terms as the court prescribes." Rule 26(a) Fed.R.Civ.P.

5. This Section 2106 reads as follows:
    The Supreme Court or any other court of appellate jurisdiction may affirm, modify, vacate, set aside or reverse any judgment, decree, or order of a court lawfully brought before it for review, and may remand the cause and direct the entry of such appropriate judgment, decree, or order, or require such further proceedings to be had as may be just under the circumstances.
    28 U.S.C. § 2106.

6. *See* Johnson v. Avery, 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718, decided February 24, 1969, particularly the concurring opinion of Mr. Justice Douglas, slip opinion p. 3. And although represented by counsel he has been subject largely to the handicaps pointed out in Hudson v. Hardy, U.S.App.D.C., and Phillips v. Board of Parole, 122 U.S.App.D.C. 235, 237, 352 F.2d 711, 713.