**Enrique R. LEYVAS, Petitioner-Appellant,**

**v.**

**C. E. HARRIS, Warden, United States Penitentiary, Marion, Illinois, Respondent-Appellee.**

**No. 18228.**

United States Court of Appeals, Seventh Circuit.

June 26, 1970.

Enrique R. Leyvas, pro se.

Henry A. Schwarz, U. S. Atty, Jonathan J. Seagle, Asst. U. S. Atty., Danville, Ill., for appellee.

Before MURRAH, Senior Circuit Judge,[1] and KILEY and CUMMINGS, Circuit Judges.

PER CURIAM.

Appellant Leyvas was sentenced to prison for violating 21 U.S.C. § 174 of the federal narcotics laws. After serving ten years and seven months of a fifteen year term, he was released "as if on parole" from prison on or about July 11,

1. Senior Circuit Judge Murrah of the United States Court of Appeals for the Tenth Circuit is sitting by designation.

1967, by virtue of 18 U.S.C. § 4164.[2] He was arrested for parole violation March 14, 1968, his parole was revoked, he was remitted to prison to serve the balance of the original sentence, and this habeas corpus petition followed. The district court dismissed the petition without a hearing. He has appealed. We affirm.

█ Leyvas contends that there is no parole provision in Section 174 and that he cannot be considered "as if on parole" when released under Section 4164 so as to empower the Parole Board to arrest him for parole violation and remit him to prison to complete his original sentence. There is no merit to the contention. True, 26 U.S.C. § 7237(d)[3] renders 18 U.S.C.A. § 4202[4] of the Parole Act inapplicable to certain narcotics law violations including Section 174, but 18 U.S.C. § 4161 et seq., the "Good Time Allowances" Act, is not referred to in Section 7237 and remains in effect so as to cover the conditional release of Leyvas. United States v. Figueroa, 325 F.2d 418 (2nd Cir. 1963).

█ There is no merit either to the contention that the good time Leyvas earned in prison reduced the original sentence to the extent of the good time earned. He was released "as if on parole," until the expiration of his original sentence less "one hundred and eighty days." Section 4164. Frierson v. Rogers, 289 F.2d 234, 235 (5th Cir. 1961).

█ Nor can Leyvas successfully contend that his good time can be forfeited only by prison administration during the term of his imprisonment. The good time earned in prison resulted in Leyvas' conditional release under Section 4164 and would, but for his violation of the good conduct condition of his release, have brought termination of the original sentence. However, upon revocation of his release, the good time earned was effectually, and by virtue of 18 U.S.C. § 4207[5] lawfully, forfeited. Phillips v. United States Board of Parole, 122 U.S.App.D.C. 235, 352 F.2d 711, 713 (D.C.Cir.1965); Hodge v. Markley, 339 F.2d 973, 975 (7th Cir. 1965)

The district court's denial of habeas corpus was not erroneous.

Judgment affirmed

---

2. § 4164. Released prisoner as parolee
A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days.
This section shall not prevent delivery of a prisoner to the authorities of any State otherwise entitled to his custody.

3. In relevant part, 26 U.S.C. § 7237(d) provides:
Upon conviction
(1) of any offense the penalty for which is provided in subsection (b) of this section, subsection (c) [21 U.S.C. § 174], (h), or (i) of section 2 of the Narcotic Drugs Import and Export Act, as amended, * * *
* * * * *
the imposition or execution of sentence shall not be suspended, probation shall not be granted and in the case of a violation of a law relating to narcotic

drugs, section 4202 of title 18, United States Code, and the Act of July 15, 1932 (47 Stat. 696; D.C.Code 24–201 and following), as amended, shall not apply.

4. § 4202. Prisoners eligible
A Federal prisoner, other than a juvenile delinquent or a committed youth offender, wherever confined and serving a definite term or terms of over one hundred and eighty days, whose record shows that he has observed the rules of the institution in which he is confined, may be released on parole after serving one-third of such term or terms or after serving fifteen years of a life sentence or of a sentence of over forty-five years.

5. In relevant part, 18 U.S.C. § 4207 provides:
If [the] order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced.