**Frederick E. OTT, Jr., Petitioner,**

v.

**UNITED STATES BOARD OF PAROLE, Respondent.**

**Civ. A. No. 18971–3.**

United States District Court,
W. D. Missouri, W. D.

Jan. 4, 1971.

Frederick E. Ott, Jr., pro se.

No response required from respondent.

### ORDER GRANTING PETITIONER LEAVE TO PROCEED IN FORMA PAUPERIS AND DISMISSING PETITION FOR MANDAMUS WITHOUT PREJUDICE

WILLIAM H. BECKER, Chief Judge.

In his prior petition in this Court for federal habeas corpus, petitioner, a federal convict confined in the United States Medical Center for Federal Prisoners, complained that he had been arbitrarily denied a parole by the United States Board of Parole. Following the rule of the decision in this Court in Langston v. Ciccone (W.D.Mo.) 313 F. Supp. 56, it was ruled that petitioner herein did not thereby state any claim in habeas corpus against his custodian in this district, the Director of the United States Medical Center. Petitioner's claim, if any, was that of an abuse of discretion by the United States Board of Parole. Therefore, the petition was denied on November 10, 1970, without prejudice to petitioner's bringing an appropriate action against the Board of Parole in the proper venue, the federal district court for the District of Columbia. Ott v. Ciccone (W.D.Mo.) 326 F. Supp. 609.

The above prior petition had been filed as a habeas corpus or declaratory judgment in the United States District Court for the District of Columbia. Therein, petitioner contended that Section 4202 of Title 18, U.S.C., dictated his mandatory release after service of one-third of his sentence; that he was denied assistance of counsel during his parole eligibility hearing before the Board; that the Parole Board acted contrary to the weight of the evidence in denying him a parole; and that "prejudiced reports" which were "uncontested and uncross examined" might have been used against him. Under § 1404(a), Title 28, U.S.C., and the rule of Young v. Director, United States Board of Parole, 125 U.S.App.D.C. 105, 367 F.2d 331, the United States District Court for the District of Columbia transferred the cause to this Court. See Ott v. Ciccone, *supra*. For the following reasons, as stated in the denial of the petition in this Court, the transfer, under the circumstances, may have been proper:

"In the motion of the Government on which the order of transfer was based, the United States Attorney for the District of Columbia cited the 1966 case of Young v. Director, United States Board of Parole, [*supra*], in which it was stated that such transfers which had formerly been impossible, were now possible under the new venue provisions of Section 1391(e), Title 28, U.S.C. (added November 2, 1966) providing for *venue* in suits against federal officers and agencies in the district of plaintiff's residence. That statute, however, does not provide for nationwide *jurisdiction* of out-of-district officers and agencies. Assuming without holding that a federal prisoner's place of residence is the federal penitentiary (an assumption which appears to be against the weight of authority), the transfer in this case may have been proper because petitioner (as had the petitioner in *Young, supra*) had asked for his immediate release. Thus, jurisdiction (as well as venue) might be proper here because the petition could be treated as a petition for habeas corpus against a respondent Director of the Medical Center who is resident in this District [where petitioner is physically in custody within the meaning of Section 2241, Title 28, U.S.C.], or, conceivably, as an action for mandamus to compel the Board of Parole to issue a certificate of parole, for which type of action this Court would have the personal jurisdiction of the Board expressly granted it by § 1361, Title 28, U.S.C. But in habeas corpus or other actions which seek or require less than the release of the petitioner from custody, so that the in-district custodian cannot be deemed a proper respondent, this Court has no jurisdiction of the Board to enforce any order or judgment which it might issue against it, although venue may be proper under § 1391(e), *supra*."

Therefore, the petition was denied on its merits for failure to state any right of petitioner to immediate release.

In denying the petition the Court concluded:

"[F]or relief which only the Board of Parole can grant, petitioner should file a successive petition in the United States District Court for the District of Columbia."

■ Now, however, under date of December 21, 1970, petitioner has submitted in this Court, rather than in the United States District Court for the District of Columbia, a petition for mandamus seeking to compel the United States Board of Parole to grant him a parole. Therein, petitioner alleges that the Parole Board's denial of parole to him was "arbitrary, and capricious, and an abuse of discretion." In support of this contention, petitioner has submitted copies of letters of persons who have observed him during his confinement, all of which commend him as a good and efficient worker. Further, petitioner alleges that, at his parole eligibility hear-

ing, he was granted a "verbal parole grant, dated for June 10th, 1970," by "Mr. Walter Dunbar, Parole Hearing Member," but that "on March 20, 1970, the U.S. Board of Paroles, with Chairman George Reed and others present, reversed Mr. Walter Dunbar's decision of the original Parole Grant, and ordered that your petitioner continue his sentence to the expiration, which was some 20 months later." It is true that under some circumstances the remedy of mandamus may lie to correct an abuse of discretion. 52 Am.Jur.2d, Mandamus § 79, p. 401; Drew v. Lawrimore (C.A.4) 380 F.2d 479, cert. denied 389 U.S. 974, 88 S.Ct. 475, 19 L.Ed.2d 467, and cases therein cited; Sleeth v. Dairy Products Co. (C.A.4) 228 F.2d 165, 168, and cases therein cited; State Highway Commission v. Volpe (W.D.Mo.) Civil Action No. 1616, and cases therein cited.

In view, however, of the broad discretion given the Board of Parole by the applicable federal statute, § 4203, Title 18, U.S.C., the facts stated by petitioner, without more, do not state any abuse of discretion by the Board of Parole. The above statute, it has been said, vests the matter of granting parole into the "almost unreviewable" discretion of the Board of Parole. Hyser v. Reed, 115 U.S.App.D.C. 254, 318 F.2d 225, 240, cert. denied Thompson v. United States Bd. of Parole, 375 U.S. 957, 84 S.Ct. 446, 11 L.Ed.2d 315, and Jamison v. Chappell, 375 U.S. 957, 84 S.Ct. 447, 11 L.Ed.2d 316. The fact that some evidence exists which would support the granting of a parole does not, without more, make a claim that the Board of Parole has abused its discretion.

Further, an abuse of discretion by the Board of Parole would not make the sentence under which petitioner is held in custody by the Director of the Medical Center defective on its face so that petitioner's assertion of the invalidity of his continued detention can be raised in this district. Petitioner does not and could not claim outright release in his petition herein. Rather, he properly seeks to have the Board of Parole compelled properly to exercise its discretion on his parole application. But, with respect to the Board of Parole, venue is improper in this district. Jurisdiction may be proper by virtue of § 1361, Title 28, United States Code, which reads as follows:

"The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

But the venue provisions of Section 1391(e), Title 28, United States Code, are governing in this case. They provide that:

"A civil action in which each defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, may, except as otherwise provided by law, be brought in any judicial district in which: (1) a defendant in the action resides, or (2) the cause of action arose, or (3) any real property involved in the action is situated, or (4) the plaintiff resides if no real property is involved in the action."

Thus, the only conceivable showing on which venue might be proper in this district is that plaintiff resides in this district. But it is settled that "resides" for venue purposes under § 1391, supra, refers to domicile. A state or federal prisoner retains as his domicile that which he had before his imprisonment. See 25 Am.Jur.2d Domicil § 41, p. 31; 1 Moore's Federal Practice ¶ 0.142 [5.–2], p. 1484, n. 5; Keeny v. Secretary of the Army (W.D.Mo.) Civil Action No. 1526, affirmed on other grounds (C.A. 8) 437 F.2d 1151. Petitioner has not stated that his permanent domicile is in this district.

Further, mandamus is not proper in this action because the facts petition-

er has stated do not state any abuse of discretion by the Board of Parole.

It is therefore

Ordered that petitioner be, and he is hereby, granted leave to proceed in forma pauperis. It is further

Adjudged that the petition herein for mandamus be, and it is hereby, dismissed for improper venue.