838 F.2d 467
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie E. MOBLEY, Petitioner-Appellant,
v.
SUPERIOR COURT OF the DISTRICT OF COLUMBIA, Respondent-Appellee.
 No. 87-6502.
 United States Court of Appeals, Fourth Circuit.
 Submitted: March 5, 1987.
Decided: Jan. 14, 1988.
 
 Willie E. Mobley, pro se.
 Before WIDENER, JAMES DICKSON PHILLIPS, and MURNAGHAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Willie E. Mobley appeals from the district court's dismissal of his petition for habeas corpus relief pursuant to 28 U.S.C. Sec. 2241. We affirm.
 
 
 2
 Mobley, a District of Columbia inmate confined at the federal penitentiary in Lorton, Virginia, was convicted in 1983 of felony murder while armed, assault with intent to kill while armed and carrying a pistol without a license. His conviction was affirmed on appeal. Mobley then filed a petition for habeas corpus ad subjiciendum in the Superior Court of the District of Columbia; the Superior Court treated this as a motion to vacate sentence pursuant to D.C.Code Sec. 23-110, and denied relief. The denial was affirmed by the District of Columbia Court of Appeals.
 
 
 3
 Mobley has now petitioned the district court for the Eastern District of Virginia for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2241. The district court dismissed the petition for lack of jurisdiction.
 
 
 4
 Mobley's notice of appeal was filed in the district court on December 22, 1986, thirty-five days after entry of the district court's order on November 18, 1986. The appeal was nonetheless timely. Fed.R.App.P. 4(a)(1) provides that where the United States or an officer or agency thereof is a party, the notice of appeal may be filed within sixty days of the entry of judgment. The United States has been held to be the real party in interest in a case where the Superior Court for the District of Columbia was the defendant in a habeas action resulting from a prosecution in the Superior Court by the United States Attorney. Sedgwick v. Superior Court for District of Columbia, 584 F.2d 1044 (D.C.Cir.1978), cert. denied, 439 U.S. 1075 (1979).
 
 
 5
 Petitions pursuant to Sec. 2241 are properly brought in the district where the petitioner is confined. Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95 (1973). Because of Lorton's special relationship to the District of Columbia, suits filed in Virginia by Lorton inmates have been generally transferred to the District of Columbia, following language in Young v. Director, U.S. Bureau of Prisons, 367 F.2d 331, 333 n. 8 (D.C.Cir.1966), and Wright v. Johnson, 505 F.2d 1229, 1231 n. 5 (4th Cir.1974), which indicates that transfer is preferred.
 
 
 6
 However, because Mobley has already been denied habeas corpus relief under D.C.Code Sec. 23-110, he is precluded from any further habeas relief unless he shows that relief under Sec. 23-110 is inadequate or ineffective to test the legality of his detention. D.C.Code Sec. 23-110(g). Swain v. Pressley, 430 U.S. 372 (1977). This Mobley has not done. Therefore, the district court did not err in dismissing rather than transferring Mobley's petition.
 
 
 7
 Accordingly, the judgment of the district court is affirmed. We dispense with oral argument because it would not significantly aid the decisional process.
 
 
 8
 AFFIRMED.