**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 96-2724

_____

David Jackson,                            *
                                          *
          Appellant,                      *
                                          *
     v.                                   *
                                          *
U.S. Parole Commission; Conrad            *
Patillo, in his official capacity as      *
U.S. Marshal for the Eastern District     *
of Arkansas,                              *
                                          *
          Appellees,                      *
                                          *
Randy Johnson, in his official capacity   *
as Sheriff of Pulaski County Arkansas,    *   [UNPUBLISHED]
                                          *
          Defendant.                      *


_____

No. 96-3583

_____

United States of America,                 *
                                          *
          Appellee,                       *
                                          *
     v.                                   *
                                          *
David Houston Jackson,                     *

Appeals from the United States
District Court for the
Eastern District of Arkansas.

Appellant.                        *

—————————

Submitted:  November 10, 1997
Filed:  November 19, 1997

—————————

Before WOLLMAN,  FLOYD R.  GIBSON,  and HANSEN,  Circuit Judges.

—————————

PER CURIAM.


In this consolidated appeal, David Houston Jackson appeals from the district court's[1] order denying his 28 U.S.C. § 2241 habeas petition, and from the 24-month sentence imposed by the district court[2] after he pleaded guilty to drug and firearm offenses.  His counsel filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), and has moved to withdraw.  Jackson filed a pro se supplemental brief.  We affirm both cases.

---

[1]The Honorable Jerry W. Cavaneau, United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c).

[2]The Honorable Garnett Thomas Eisele, United States District Judge for the Eastern District of Arkansas.

In March 1995, Jackson was granted a mandatory release under 18 U.S.C. § 4164 (repealed 1984),[3] having earned enough statutory and good time credits to

---

[3]Section 4164 provided: "A prisoner having served his term or terms less good-time deductions shall, upon release, be deemed as if released on parole until the expiration of the maximum term or terms for which he was sentenced less one hundred and eighty days."

complete his imprisonment for a 1977 conviction for, inter alia, engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. In September 1995, Jackson was arrested and charged with drug and firearm offenses in state court. The United States Parole Commission (USPC) issued a warrant and placed a detainer on Jackson. Jackson filed the instant habeas petition, arguing that the USPC's detainer was illegal because it lacked jurisdiction to supervise him, as he had been serving a nonparolable sentence. Jackson further argued that, even if the USPC had authority to supervise him under section 4164, the savings provision contained in section 235(b) of the Sentencing Reform Act extended this provision only until November 1, 1992. See Pub. L. No. 98-473, § 235(b), 98 Stat. 2032 (Oct. 12, 1984).

After the government responded, the district court denied relief, noting that the government had subsequently indicted Jackson and the USPC had revoked his parole. The court concluded that the USPC had authority to supervise Jackson under the plain language of section 4164, and that although the Sentencing Reform Act saved the applicability of this section until November 1, 1992, the general savings statute, 1 U.S.C. § 109,[4] applied to extend the "as if released on parole"

---

[4]Section 109 provides:
The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

provision past that time, because such a release constitutes a penalty or liability.

Jackson subsequently pleaded guilty to conspiring to possess heroin with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846, and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). At sentencing, Jackson objected to the finding that he was on parole when he was arrested, although he

conceded that the finding would have no effect on his Guidelines sentence. The district court granted the government's motion for a downward departure under U.S. Sentencing Guidelines Manual § 5K1.1, p.s., and imposed concurrent sentences of 24 months on each count, to be served consecutively to Jackson's 60-month parole revocation sentence, and to be followed by 6 years of supervised release.

We reject Jackson's argument that the USPC had no authority to supervise him following his mandatory release because he was convicted of a nonparolable offense. Cf. Combs v. Carroll, 446 F.2d 893, 894 (5th Cir. 1971) (per curiam) (§ 4164 applied even when defendant not eligible for parole on federal sentence); Leyvas v. Harris, 428 F.2d 366, 367 (7th Cir. 1970) (per curiam) (§ 4164 applied to defendant subject to nonparolable sentence under 21 U.S.C. § 174). We also agree with the district court that the provisions of section 4164 survived its repeal as a result of the general savings provision of 1 U.S.C. § 109. Cf. Warden v. Marrero, 417 U.S. 653, 659-64 (1974) (§ 109 bars application of parole following repeal of parole-ineligibility provision; ineligibility for parole part of "penalty" saved by § 109); Martin v. U.S. Parole Comm'n, 108 F.3d 1104, 1106 (9th Cir. 1997) (per curiam) (ongoing supervision after release mandated by § 4164 is "penalty" within meaning of § 109).

We further affirm Jackson's conviction and sentence. We need not consider Jackson's double jeopardy argument raised in his pro se supplemental brief. See United States v. Goodwin, 72 F.3d 88, 91 (8th Cir. 1995) (double

jeopardy claim may not be raised for first time on appeal).  To the extent Jackson challenges his 1977 conviction, he must present that claim in the sentencing court.  See United States v. Hutchings, 835 F.2d 185, 187 (8th Cir. 1987).

Having carefully reviewed the record, we find no other nonfrivolous issues for appeal.  See Penson v. Ohio, 488 U.S. 75, 80 (1988).  Counsel's motion to withdraw is granted.

Accordingly, we affirm the judgments of the district court.


A true copy.

Attest:


CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.