**Michael Armand ROGERS, Plaintiff,**

v.

**FEDERAL BUREAU OF PRISONS and Wackenhut Correctional Corporation, Defendants.**

**Civil Action No. 02–0741 (RMU).**

United States District Court, District of Columbia.

March 31, 2003.

Michael Armand Rogers, Taft, CA, Pro se plaintiff.

Rolando N. Valdez, Special Assistant United States Attorney, Gail A. Perry, U.S. Attorney'S Office, Washington, DC, for Defendants.

### *MEMORANDUM ORDER*

URBINA, District Judge.

GRANTING THE DEFENDANTS' MOTION TO TRANSFER

## I. INTRODUCTION

This matter is before the court on the defendants' motion to transfer this action to the Eastern District of California pursuant to 28 U.S.C. § 1404(a). The *pro se* plaintiff filed this action to prevent the defendants from maintaining allegedly erroneous information in his prison records. Compl. ¶ 1. The plaintiff is a federal inmate incarcerated at Taft Correctional Institution in Taft, California. *Id.* ¶¶ 4, 9. His records are maintained in Taft. *Id.* ¶¶ 9–11. Because maintaining the action here would not serve the interest of justice, the court grants the defendants' motion to transfer venue.

## II. ANALYSIS

"For the convenience of the parties and witnesses, in the interest of jus-

tice," a district court may transfer venue to any other district where the plaintiff could have brought the complaint 28 U.S.C. § 1404(a). As the moving party, the defendant bears the burden of establishing that the transfer of this action is proper. *Air Line Pilots Ass'n v. Eastern Air Lines,* 672 F.Supp. 525, 526 (D.D.C. 1987). Generally, a strong presumption exists in favor of the plaintiff's choice of forum. *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 255–56, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981). In cases brought by prisoners requesting mandamus or declaratory relief, however, transferring the action to the district wherein the prisoner is incarcerated serves the interest of justice. 28 U.S.C. § 1404(a); *Young v. Dir., U.S. Bureau of Prisons,* 367 F.2d 331, 332 (D.C.Cir.1966). Accordingly, when an inmate not incarcerated in the District of Columbia brings a petition for mandamus or declaratory judgment seeking resolution of issues not related to the District of Columbia, the court should, absent extraordinary circumstances, transfer the action as a matter of course to the district of confinement. *Starnes v. McGuire,* 512 F.2d 918, 926 (D.C.Cir.1974); *Young,* 367 F.2d at 332. Courts have discretion to adjudicate motions to transfer according to case-by-case considerations of both convenience and fairness. *Stewart Org. v. Ricoh Corp.,* 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (citing *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964)).

■ The instant case involves a petition for mandamus or declaratory judgment by a plaintiff incarcerated in Taft, California who seeks to prevent the defendants from maintaining allegedly erroneous information in his prison records. Compl. ¶¶ 1, 4, 9. Because the plaintiff is incarcerated in Taft, California, facilitating appearances of the plaintiff or his requested representa-

tion by counsel in this district would be inconvenient. *Starnes,* 512 F.2d at 929–31; *Young,* 367 F.2d at 333. Also, all relevant witnesses and files are located in Taft, California, and are therefore more accessible to that jurisdiction. *Starnes,* 512 F.2d at 931–32. Because no exceptional circumstances require this court to retain jurisdiction, and because the plaintiff is seeking mandamus relief not related to this district and is not incarcerated here, the court grants the defendants' motion to transfer this action to the Eastern District of California. *Starnes,* 512 F.2d at 932–33; *Young,* 367 F.2d at 332–33.

Accordingly, it is this 31st day of March, 2003,

**ORDERED** that the defendants' motion to transfer is **GRANTED.**