KAMINER et al. v. CLARK, Attorney General of the United States, et al.

No. 10267.

United States Court of Appeals District of Columbia Circuit.

Argued June 30, 1949.

Decided July 11, 1949.

Writ of Certiorari Denied Nov. 7, 1949.

See 70 S.Ct. 147.

Mr. Irving Jaffe, Washington, D. C., with whom Messrs. Jack Wasserman and Thomas Cooley, II, Washington, D. C., were on the brief, for appellants.

Mr. Charles B. Murray, Assistant United States Attorney, Washington, D. C., with whom Mr. George Morris Fay, United States Attorney, and Messrs. Ross O'Donoghue and Samuel K. Abrams, Assistant United States Attorneys, Washington, D. C., were on the brief, for appellees. Mr. Joseph M. Howard, Assistant United States Attorney, Washington, D.C., also entered an appearance for appellees.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, Circuit Judges.

PER CURIAM.

The appellant, Leon Kaminer,[1] is an alien who arrived at the Port of New York and sought to enter the United States. On the ground that to admit him would be prejudicial to the best interests of the nation, the Attorney General ordered that he be excluded and deported. This action was taken under regulations promulgated pursuant to a presidential proclamation, which in turn was based upon an act of June 21, 1941.[2] That statute empowers the President, in time of war or other national emergency, to proclaim restrictions and prohibitions upon the departure of persons from, and their entry into, the United States.

Kaminer sued the Attorney General and the Commissioner of Immigration in the United States District Court for the District of Columbia, seeking a declaratory judgment that the act referred to, as implemented by the proclamation and regulations thereunder, be declared unconstitutional; that deportation or further detention without a hearing be declared illegal and void; that a hearing be granted; and

---

[1] There were originally three appellants, but two of them have abandoned their appeals.

[2] 55 Stat. 252, 22 U.S.C.A. §§ 223 to 226b.

52

that meanwhile the order of deportation *be suspended and release on bond be permitted.*

A statutory three-judge court held constitutional the act of Congress pursuant to which the executive action was taken, and remanded the cause to a single judge for such further proceedings as might be appropriate. Thereupon the District Court dismissed the complaint as amended, and this appeal followed.

▇▇▇▇ While this suit is for a declaratory judgment, it is substantially similar to an application for a writ of habeas corpus, because, in addition to the claim of unconstitutionality, it complains that the appellant's detention without a hearing is unlawful. Habeas corpus would lie only in the Southern District of New York, where the appellant was detained on Ellis Island at the time this suit was instituted.[3] An action for declaratory judgment cannot be substituted for habeas corpus so as to give jurisdiction to a district other than that in which the applicant is confined or restrained.[4] If the appellant has a right to the sort of declaratory judgment which he seeks, he must assert it in the Southern District of New York, as he would be required to do if he had elected to apply for a writ of habeas corpus. The District Court properly dismissed the action, because it lacked jurisdiction.

We express no opinion, and mean to intimate none, as to whether the appellant is entitled either to a writ of habeas corpus or to a declaratory judgment.

Affirmed.

---

[3] Ahrens v. Clark, 1948, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898.

[4] Clark v. Memolo, 1949, 85 U.S.App. D.C. ——, 174 F.2d 978.