George J. HURLEY, Appellant,

v.

George J. REED, Chairman, United
States Board of Parole, Appellee.

No. 15885.

United States Court of Appeals
District of Columbia Circuit.

Argued Nov. 28, 1960.

Decided Feb. 2, 1961.

Mr. Thomas F. Ryan, Jr., Washington, D. C. (appointed by the District Court) for appellant.

Mr. Rupert J. Groh, Jr., Atty., Dept. of Justice, of the bar of the Supreme Court of Wisconsin, *pro hac vice*, by special leave of the court, with whom Messrs. Oliver Gasch, U. S. Atty., and Harold H. Greene, Atty., Dept. of Justice, were on the brief, for appellee.

Before Mr. Justice REED, retired,* and EDGERTON and PRETTYMAN, Circuit Judges.

Mr. Justice REED, sitting by designation.

Appellant, George J. Hurley, after conviction of a violation of 18 U.S.C. § 876

---

* Sitting by designation pursuant to Sec. 294(a), Title 28 U.S.C.

(mailing threatening communications) in 1955, was released on parole in 1956. He was arrested for violation of his parole, given a hearing by the federal Board of Parole, and reimprisoned after the hearing in the Middle District of Pennsylvania.[1] He is imprisoned in that district now.

Appellant filed in the United States District Court for the District of Columbia a motion, properly treated by the parties and the District Court as a petition for a declaratory judgment under 28 U.S.C. §§ 2201 and 2202.[2] He alleged he asked for counsel for the Board hearing but was refused. He prayed for a declaration revoking the order of the Board of Parole for his reincarceration as a denial of constitutional rights and that he be "placed back on parole."

The District Court granted the motion of the Board to dismiss the complaint for want of jurisdiction, on the sole ground that "it appears possible" appellant could raise his contentions in a petition for a writ of habeas corpus in the Middle District of Pennsylvania, and, in the event of failure there, by appeal to the Circuit and Supreme Courts. The dismissal was stated to be without prejudice to refiling "in the event that relief is not forthcoming" after habeas corpus proceedings in the district of confinement and exhaustion of appeals therefrom. This appeal followed.

Appellant asserts that the district court had jurisdiction to review the Board's action under § 10 of the Administrative Procedure Act, 5 U.S.C.A. § 1009, and 28 U.S.C. § 2201. The controversy comes down to the problem of whether a prisoner may use a declaratory judgment procedure in the circumstances of this case.

With exceptions not here relevant, § 10 gives the right of judicial review of agency action to "any person suffering legal wrong because of any agency action, or adversely affected or aggrieved by such action within the meaning of any relevant statute." The following provision is made for the form and venue of judicial review:

"(b) The form of proceeding for judicial review shall be any special statutory review proceeding relevant to the subject matter in any court specified by statute or, in the absence or inadequacy thereof, any applicable form of legal action (including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus) in any court of competent jurisdiction. * * *"

In the Parole Board Act there does not appear any "special statutory review proceeding" for judicial review of the Board's administrative proceedings.[3] Therefore "any applicable form of legal

---

1. 18 U.S.C. § 4207:

   "Revocation upon retaking parolee

   "A prisoner retaken upon a warrant issued by the Board of Parole, shall be given an opportunity to appear before the Board, a member thereof, or an examiner designated by the Board.

   "The Board may then, or at any time in its discretion, revoke the order of parole and terminate such parole or modify the terms and conditions thereof.

   "If such order of parole shall be revoked and the parole so terminated, the said prisoner may be required to serve all or any part of the remainder of the term for which he was sentenced."

2. 28 U.S.C. § 2201:

   "Creation of remedy

   "In a case of actual controversy within its jurisdiction, except with respect

to Federal taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."

   "§ 2202. Further relief

   "Further necessary or proper relief based on a declaratory judgment or decree may be granted, after reasonable notice and hearing against any adverse party whose rights have been determined by such judgment."

3. See 18 U.S.C. §§ 4201–4207.

action" is available under the Administrative Procedure Act.[4] The action for a declaratory judgment is such a form.

The legislative history of the Administrative Procedure Act shows that review of administrative adjudications by an action for declaratory judgment was deliberately provided to protect any person suffering legal wrong from rulings of administrative agencies. The Final Report of the Attorney General's Committee on Administrative Procedure, p. 81, referred to its use.[5] The text of § 10 of the original Senate bill was substantially the same as that enacted. The House and Senate bills were identical.[6] The House and Senate Judiciary Committee prints of the bills with comment and the eventual form of the Act carried about the same language.[7]

Comments accompanying the Senate Committee print speak of the use of the declaratory judgment for review.[8] The Report of the Senate Committee on § 10(b) of the bill, after referring to statutory procedures for review, adds:

"The first sentence of this subsection is an express statutory recognition of the so-called common-law actions as being appropriate and authorized means of judicial review, operative whenever special forms of judicial review are lacking or insufficient. The declaratory judgment procedure, for example, may be op-erative before statutory forms of review are available; and in a proper case it may be utilized to determine the validity or application of agency action." [9]

Speaking of judicial review, the Report of the House Judiciary Committee says, after repeating the Senate language, that the court must

"render a judicial declaration of rights, and so bind an agency upon the case stated and in the absence of a reversal." [10]

Examination of the legislative history of the Administrative Procedure Act has yielded nothing that would bar proceeding by declaratory judgment in this case. There is, rather, every indication of an intention to make such relief broadly available.[11]

■■ The current statute governing the Parole Board is the 1948 statute enacting Title 18 of the United States Code into positive law.[12] Those sections establish the conditions under which the Board may release prisoners on parole and may retake violators of parole terms. The Board is clearly an administrative agency in the Department of Justice, carrying out a legislative enactment concerning parole.[13] The revocation section is set out at note 1, supra. Under this court's interpretation of the words of the statute granting the parolee an op-

4. The opposite situation exists in the Trading with the Enemy Act, 50 U.S. C.A.Appendix, § 1 et seq. Cf. Schilling v. Rogers, 363 U.S. 666, 670, 676, 80 S. Ct. 1288, 4 L.Ed.2d 1478,

5. "Since June 1934, the Federal courts have been empowered to grant declaratory judgments in 'cases of actual controversy.' While this proceeding has not yet been extensively used to bring Federal administrative action before the Federal courts, its potentialities are indicated by its wide use in other fields. The declaratory judgment is a general remedy not confined to any particular type of controversy and having no special provision for administrative law. Its utility for judicial review is, therefore, largely in the control of the courts."

6. See Legislative History, Administrative Procedure Act, S.Doc. No. 248, 79th Cong., 2d Sess., pp. 11 and 160.

7. Id., pp. 35–40 and 212–214.

8. Id., p. 37 refers to the Final Report comment cited above.

9. Id., p. 212. See also Attorney General Clark's comment to the Committee, p. 230.

10. Id., p. 276.

11. See, id., 323, 369, 372.

12. 62 Stat. 683, 854, and 18 U.S.C. § 4201–4207.

13. See Robbins v. Reed, 1959, 106 U.S. App.D.C. 51, 269 F.2d 242; cf. Final Report, Attorney General's Committee on Administrative Procedure, chap. I, Title C.

portunity to appear before the Board, member or examiner, the "opportunity" includes the right to have counsel present and requires the hearing officer to advise him of that privilege.[14] To test whether the Parole Board's action in revoking the parole and reimprisoning appellant conformed to the requirement of § 4207, note 1, supra, appellant chose the procedure of declaratory judgment. This was done although he might have proceeded by habeas corpus in the Middle District of Pennsylvania where he was and is confined.[15] Does the possibility of the use of the prerogative writ of habeas corpus bar appellant from the use of the declaratory judgment? We think not.

It may be that such suits for declaratory judgments can be more easily tried against the Parole Board at the place of confinement and that a concentration of such suits in the District of Columbia may thus be avoided. But the language of the Administrative Procedure Act, on its face and as explained by the legislative history referred to above, reads so as to allow the appellant to choose this procedure in this jurisdiction. Courts do not sit to determine the expediency and wisdom of statutes, but to see that the directions and authorizations of the legislative body within its constitutional powers are adhered to. It may be, too, that the fact that the Parole Board functions in the District of Columbia makes this the better place to examine its records. These proceedings are in review of a record of the Parole Board already made. Normally, new evidence would not be required from the parolee.

On the other hand, the appellant, if he sought review from the Administrative action of the Parole Board, would have problems to solve in asking relief through habeas corpus. He must then be sure that he has exhausted his rights of appeal or review before undertaking habeas corpus.[16] It takes a denial of basic safeguards to justify issuance of the writ.[17] Appellant could have tried habeas corpus in the Middle District of Pennsylvania. But there he would doubtless have received, as another applicant did, a decision in that district holding "failure, if any, on the part of the Parole Board to advise petitioner of any right to counsel at revocation hearing, or the denial of counsel at said revocation hearing, if in fact such a denial was made, did not invalidate these proceedings." Washington v. Hagan, 183 F.Supp. 414, 417. This case was affirmed by the Third Circuit, 287 F.2d 332. The court said:

"Concerning the form of relief, we do not see why the question cannot be raised either by application for habeas corpus or a declaratory judgment to review the propriety of the action. The later proceeding, of course, would necessarily be in the District of Columbia where jurisdiction of the Board may be had. Robbins v. Reed, 1959, 106 U.S.App. D.C. 51, 269 F.2d 242; Howell v. Hiatt, 5 Cir., 1952, 199 F.2d 584 (holding habeas corpus an improper remedy). But if this prisoner is unlawfully detained by reason of his deprivation of constitutional rights or otherwise, we think he is entitled

14. Robbins v. Reed, supra; Moore v. Reid, 1957, 100 U.S.App.D.C. 373, 246 F.2d 654.

15. Ahrens v. Clark, 335 U.S. 188, 68 S.Ct. 1443, 92 L.Ed. 1898.

16. See United States v. Sing Tuck, 194 U.S. 161, 166, 168, 24 S.Ct. 621, 48 L. Ed. 917; Natural Gas Pipeline Co. of America v. Slattery, 302 U.S. 300, 310, 58 S.Ct. 199, 82 L.Ed. 276; Ex parte Hawk, 321 U.S. 114, 116, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 339 U.S.

200, 203–208, 70 S.Ct. 587, 94 L.Ed. 761: Osborn v. Swope, 9 Cir., 230 F.2d 395; McMahan v. Hunter, 10 Cir., 179 F.2d 661; United States ex rel. Rowe v. Nicholson, 4 Cir., 78 F.2d 468, 471; United States ex rel. Giese v. Chamberlin, 7 Cir., 184 F.2d 404; United States ex rel. Tsermegas v. Neelly, 7 Cir., 210 F.2d 876.

17. Eagles v. United States ex rel. Samuels, 329 U.S. 304, 311, 67 S.Ct. 313, 91 L.Ed. 308.

to challenge the legality of his detention by application for the Great Writ."

The language and history of Rule 57 of the Federal Rules of Civil Procedure, 28 U.S.C.A., also indicate that the existence of another adequate remedy, habeas corpus, is not a reason for refusing to allow the declaratory judgment procedure. That rule states, "The existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate." And the notes of the Advisory Committee on Rules state that "the fact that another remedy would be equally effective affords no ground for declining declaratory relief." [18] The broad jurisdiction of the courts under Rule 57 and the Declaratory Judgment Act to entertain actions for declaratory relief—a jurisdiction as broad as the judicial power [19]—dovetails neatly with the scheme of the Administrative Procedure Act to make judicial review available.

█ No question is, or could properly be, raised as to the jurisdiction of the courts of the District of Columbia over declaratory judgments in general. Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671, 70 S.Ct. 876, 94 L.Ed. 1194. Reliance is placed by the Parole Board, however, on two decisions of our court. Clark v. Memolo, 1949, 85 U.S. App.D.C. 65, 174 F.2d 978, and Kaminer v. Clark, 1949, 85 U.S.App.D.C. 205, 177 F.2d 51. In the Memolo case, a declaratory judgment was sought concerning an assumed invalid sentence in another district. The declaratory judgment was refused. The court said:

"The action for declaratory judgment is not suitable and does not lie in the District of Columbia in such cases as a substitute for a motion to vacate or to correct the sentence in the court where it was imposed or as a substitute for habeas corpus in the district where the unlawful detention occurs, or as a substitute for a new trial or appeal. Unless so restricted there would be no end to that kind of litigation." [85 U.S. App.D.C. 65, 174 F.2d 981].

In the Kaminer case an alien seeking admission to this country asked for a declaratory judgment against the Attorney General as to his detention for deportation in New York. It was determined that such a declaration would be like habeas corpus, and jurisdiction was confined to the place of imprisonment.

Later, however, this court in a situation closely akin to the present recognized the variation in review of administrative actions permitted by the Administrative Procedure Act.[20] In this Robbins case, appellant sought a declaratory judgment in the District of Columbia requiring release from imprisonment in Georgia after the revocation of a parole. The relief prayed was granted. This court said:

"As appellees frankly point out, the Court of Appeals for the Fifth Circuit, in which circuit appellant is confined, has held in Howell v. Hiatt, 1952, 199 F.2d 584, that an attack upon the validity of a parole revocation order must be made by an action against the Board itself in the District of Columbia and not by habeas corpus proceedings against the Warden of the penitentiary in Atlanta where the prisoner is confined. * * * Though the Supreme Court might eventually hold the rule in the Fifth Circuit to be wrong, a habeas corpus proceeding there is at present hardly the sole applicable form of action available to this appellant, especially when an action for a declaratory judgment in the District of Columbia is so readily available. The Administrative

---

18. 28 U.S.C.A., Fed.Rules of Civ.Pro., R. 57. A collection of holdings on the point is in 62 Harv.L.Rev. 787, 808, Declaratory Judgments. See Borchard, Declaratory Judgments (2d ed.) 316.

19. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 239–240, 57 S.Ct. 461, 81 L.Ed. 617.

20. Robbins v. Reed, 1959, 106 U.S.App.D. C. 51, 269 F.2d 242.

Procedure Act does not rigidly require a habeas corpus proceeding to be used exclusively in all cases where prior to the Act it was applicable." 106 U.S.App.D.C. at pages 53–54, 269 F.2d at pages 244–245.

This more flexible approach came after Brownell v. Tom We Shung, 352 U.S. 180, 77 S.Ct. 252, 1 L.Ed.2d 225, where in an alien exclusion case, the Supreme Court allowed the plaintiff a choice of remedy, saying:

"We conclude that unless the 1952 Act is to the contrary, exclusion orders may be challenged either by habeas corpus or by declaratory judgment action." 352 U.S. at page 184, 77 S.Ct. at page 255.

The 1952 Immigration and Naturalization Act, 66 Stat. 163, 8 U.S.C.A. § 1101 et seq., was held not to bar choice. The Supreme Court, in considering the case, had reemphasized its view on choice of procedure:

"Furthermore, as we pointed out in Pedreiro [Shaughnessy v. Pedreiro, 349 U.S. 48, 75 S.Ct. 591, 99 L.Ed. 868], such a 'cutting off' of judicial review 'would run counter to § 10 and § 12 of the Administrative Procedure Act.' 349 U.S. at 51 [75 S.Ct. 594]. 'Exemptions from the * * * Administrative Procedure Act are not lightly to be presumed,' Marcello v. Bonds, 349 U.S. 302, 310 [75 S.Ct. 757, 762, 99 L.Ed. 1107] (1955), and unless made by clear language or supersedure the expanded mode of review granted by that Act cannot be modified." Id., 352 U.S. at page 185, 77 S.Ct. at page 255.

In this present case, as indicated above, the Third Circuit, where appellant is confined, holds that deprivation of counsel at a revocation proceeding is not erroneous. For appellant to obtain relief by way of habeas corpus proceedings in that circuit would necessitate delay and appeal. In the Robbins case

there may have been error in the circuit of imprisonment which would have been corrected by appeal, just as the rule of the Third Circuit, the place of imprisonment in this case, may be erroneous. But in each the problem of delay exists. The probability of success on appeal in habeas corpus proceedings is not enough to bar the use of an alternate statutory route. The appellant here had, we think, originally two methods of approach—by habeas corpus where he was confined, or by declaratory judgment in the District of Columbia. Appellant is entitled here to use the declaratory judgment procedures provided by Congress and the Rules of Procedure [21] to seek vindication of his rights.

We think the District Court acted erroneously. Its judgment is reversed and the case remanded for further consideration of the District Court.

---

21. Rule 57, Fed.Rules Civ.Pro., provides: "The court may order a speedy hearing of an action for a declaratory judgment and may advance it on the calendar."