**Guy Junior BLACKBURN**

v.

**U. S. BOARD OF PAROLE.**

**Misc. No. 1045.**

United States District Court
E. D. Louisiana,
Baton Rouge Division.

June 25, 1969.

Guy Junior Blackburn, in pro. per.

Louis C. LaCour, U. S. Atty., George P. Hand, Jr., Asst. U. S. Atty. Eastern District of Louisiana, New Orleans, La., for respondent.

WEST, Chief Judge:

Petitioner, Guy Junior Blackburn, is presently incarcerated in the East Baton Rouge Parish Jail in Baton Rouge, Louisiana, awaiting a parole revocation hearing. He was originally sentenced by the United States District Court for the Southern District of Georgia to serve a sentence of four years and one day. He began serving his sentence on October 13, 1964, and was released on parole on September 1, 1967. On April 4, 1968, a parole violation warrant for his arrest issued by the United States Parole Board

over the signature of Joseph N. Shore, Parole Executive, and he was arrested and placed in the East Baton Rouge Parish Prison on May 23, 1969, to await a parole revocation hearing. Immediately upon being placed in the Parish Prison, he was contacted by the Probation Officer who advised him of his rights and attempted to obtain his signature on the Parole Form 59A, which contained the information necessary to request a designation as to where petitioner should be sent for his revocation hearing. Petitioner refused to sign the Form 59A until June 16, 1969, when he did furnish the necessary information and signed the form. On that same date, the completed Form 59A and a request for designation was sent by the Probation Officer to the Parole Executive in Washington, D. C. As of this writing, the designation has not been made and petitioner is still in East Baton Rouge Parish Jail.

 He now petitions this Court for a writ of habeas corpus, and in the alternative seeks to be released on bail pending his hearing. Both of his requests are without merit.

This Court is without authority to hear his application for habeas corpus until such time as he has exhausted his administrative remedies, including his probation revocation hearing, United States ex rel. Jacobs v. Barc, 141 F.2d 480 (6 Cir. 1944), cert. den. 322 U.S. 751, 64 S.Ct. 1262, 88 L.Ed. 1581; Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F. 2d 844 (1961), and unless he has been held in custody for an unreasonable time, this Court has no authority to release him either on a writ of habeas corpus or on bail. United States ex rel. William M. Vance v. Kenton, 252 F.Supp. 344 (Conn.1966). Under the circumstances of this case, petitioner has not been detained an unreasonably long time. See United States ex rel. Obler v. Kenton, 262 F.Supp. 205 (Conn.1967).

For these reasons, petitioner's application for a writ of habeas corpus is denied and his motion to be released on bail pending revocation hearing is also denied.