**Albert M. BILLITERI, Plaintiff,**

v.

**UNITED STATES BOARD OF PAROLE et al., Defendants.**

**Civ. No. 74–365.**

United States District Court,
W. D. New York.

Nov. 26, 1974.

Philip B. Abramowitz, Buffalo, N. Y., for plaintiff.

John T. Elfvin, U. S. Atty., Buffalo, N. Y (Dennis O'Keefe, Dept. of Justice Atty., of counsel), for the Government.

CURTIN, Chief Judge.

On July 5, 1972, plaintiff pled guilty to one count of conspiracy, a violation of 18 U.S.C. § 371. He was subsequently sentenced by the late Chief Judge John

O. Henderson to a term of five years and a fine of $10,000. The remaining counts of the indictment regarding conspiracy and violations of the Extortionate Credit Act, 18 U.S.C. § 891 et seq., were dismissed. Plaintiff was subsequently incarcerated and is presently serving his term in the Federal Correctional Institution at Lewisburg, Pa. (See Cr–1970–197—W.D.N.Y.)

Plaintiff became eligible for parole on March 3, 1974. To evaluate his parole prognosis, an initial parole hearing was held on February 14, 1974. On March 11, 1974, the United States Board of Parole (hereinafter Board) issued an order which provided that the plaintiff "continue to expiration." The reason cited for the decision was:

> Your release at this time would depreciate the seriousness of the offense committed and is thus incompatible with the welfare of society.

The last available administrative review by the National Appellate Board of the United States Board of Parole, on July 3, 1974, resulted in an affirmance of the prior decision.

On July 29, 1974, this action was commenced. The complaint alleges that the reason given for denying parole was arbitrary, capricious, without foundation, vague and unlawful. The complaint further alleges that the procedures employed by the Board in reaching the decision violate plaintiff's rights to due process, equal protection, freedom of assembly, freedom from cruel and unusual punishment, and to fundamental fairness.

The relief sought included a prayer for a declaratory judgment that the reason given by the parole board was unlawful and the granting of parole, or the ordering of a new hearing to be conducted in accordance with due process.

The Government's responses allege that a sufficient basis for the Board's determination can be found in the prior decision read in conjunction with an affidavit of a senior analyst employed by the Board which explains in greater detail the reasons for denial of parole to the plaintiff. The Government claims that a similar process was deemed sufficient on remand in Candarini v. Attorney General of the United States, 369 F.Supp. 1132 (E.D.N.Y.1974), the case upon which *plaintiff* based his claim.

The court has received numerous subsequent submissions from the plaintiff and the Government. In addition, the court heard oral argument on September 9, 1974, wherein the parties agreed that the taking of testimony was not necessary. A decision is, therefore, appropriate.

## I

█ The initial inquiry for the court must relate to jurisdiction, although the parties have devoted scant attention to this question. The Administrative Procedure Act, 5 U.S.C. § 706(2) permits judicial examination of the action of the Board to determine whether or not there has been an abuse of discretion. Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971); Pickus v. United States Board of Parole, 507 F.2d 1107 (D.C. Cir. 1974); King v. United States, 492 F.2d 1337 (7th Cir. 1974); Hurley v. Reed, 110 U.S.App.D.C. 32, 288 F.2d 844 (1961); Sobell v. Reed, 327 F.Supp. 1294 (S.D.N.Y.1971); Candarini v. Attorney General of the United States, *supra*.

Plaintiff prays for declaratory relief as well as alternative forms of mandatory injunctive relief in the district wherein he resided prior to his incarceration. The Administrative Procedure Act provides that the proper form and venue for a judicial review proceeding is,

> " . . . any applicable form of legal action, including actions for declaratory judgments or writs of prohibitory or mandatory injunction or habeas corpus, in a court of competent jurisdiction."

5 U.S.C. § 703. Furthermore, the "competent jurisdiction" language can rea-

sonably be interpreted as equivalent to general venue requirements. (Pickus v. United States Board of Parole, *supra*, at page 1110, footnote 5.)

 Under 28 U.S.C. § 1391(e), suits against executive agencies, like the Board, may be brought outside the District of Columbia, in the district in which the plaintiff resides. Liberation News Service v. Eastland, 426 F.2d 1379 (2d Cir. 1970). For a prisoner, the district of residence may be the one in which he resided prior to his incarceration. Ellingburg v. Connett, 457 F.2d 240 (5th Cir. 1972); Candarini v. Attorney General of the United States, *supra*; Ott v. United States Board of Parole, 324 F.Supp. 1034 (W.D.Mo.1971). See also Neuberger v. United States, 13 F.2d 541 (2d Cir. 1926).

The court concludes that a sufficient basis for jurisdiction exists; therefore, going forward to examine the merits is permissible.

## II

 From the record before the court, it is clear that the decision rendered by the Board is grounded upon an erroneous factual base. The affidavit of the Board's senior analyst submitted by the Government as support for the prior determinations misstates the offense for which the plaintiff was sentenced. The affidavit states:

"Mr. Billiteri was convicted of conspiracy *and* extortionate extensions of credit . . . ." (Emphasis added.)

The plaintiff, however, was sentenced only for conspiracy and the other counts of the indictment were dismissed. Viewing this error in the perspective of the stated reason for denial of parole— namely "your release at this time would depreciate the seriousness of the *offense committed* and is thus incompatible with the welfare of society" (emphasis added)—the court is forced to conclude that there was an abuse of discretion under

18 U.S.C. § 4203 and that the Board's decision violates the plaintiff's right to due process.

In the recent case of United States ex rel. Johnson v. Chairman, New York State Board of Parole, 500 F.2d 925 (2d Cir. 1974)[1] our own Court of Appeals ruled that due process in state parole release determinations requires, at the very least, a statement of reasons for denial which

. . . will permit the reviewing court to determine whether the Board has adopted and followed criteria that are appropriate, rational and consistent, and also protects the inmate against arbitrary and capricious decisions or actions based upon impermissible considerations. 500 F.2d 925, 929.

In *Johnson, supra,* there was no regulatory scheme defining the vast discretionary power vested in the State Parole Board. Furthermore, the State Board furnished no reasons at all when parole was denied. Both of these factors distinguish *Johnson, supra,* from the facts of the instant action.

In June of 1974 new regulations were promulgated by the Board to govern the federal parole release decision making process, 28 C.F.R. 2.1 et seq. This ambitious and praiseworthy effort by the Board attempts to inject an aura of consistency into parole determinations. The system enables a prospective parolee to evaluate his own family and criminal history, the severity of his current offense, release plans, education, etc., and determine a range of months within which he may be released. But the guidelines are only guidelines and decisions outside them are authorized. 28 C.F.R. 2.20 (c) and (d).

The plaintiff's situation points out the deficiencies of the current system, however, and demand further consideration by the Board. As stated above, it seems that the incorrect offense was fitted into the guidelines. Furthermore, the

1. On November 18, 1974, the U.S. Supreme Court granted certiorari and vacated the judgment with instructions to the district court to dismiss the cause as moot.

crime of conspiracy, 18 U.S.C. § 371, for which the plaintiff was actually convicted, is not listed in the guidelines.

The guidelines do provide for placement of omitted offenses (see notes 1, 2 and 3 under the Adult Guidelines Chart, 28 C.F.R. § 2.20), by measuring the so-called "offense behavior." In the plaintiff's case the offense behavior was assigned a "very high" severity classification because of the mistaken belief that he had been convicted of extortion. Counsel for the Government maintained, however, that even without the error the classification would not change because the plaintiff's offense behavior was extortionate.

The "very high" category includes extortion, but, in addition, it lists offenses such as armed robbery and forcible violations of the Mann Act, all crimes which carry maximum sentences of twenty or twenty-five years. Conspiracy, in comparison, carries a five year maximum term, expressing the judgment of the Congress to limit the period of incarceration.

On this record, however, the court must decline to categorize the plaintiff's offense behavior. The complexity of the types of decisions the Board must make, especially with the regulations so new, is easily recognized. This court has no desire to act as a super parole board. The appropriate course is to remand the matter to allow the Board to consider all of the factors bearing upon the function it has been charged with by the Congress. Federal Communications Comm'n v. Pottsville Broadcasting Co., 309 U.S. 134, 60 S.Ct. 437, 84 L.Ed. 656 (1940); Federal Power Comm'n v. Idaho Power Co., 344 U.S. 17, 73 S.Ct. 85, 97 L.Ed. 15 (1952); McBride v. Smith, 405 F.2d 1057 (2d Cir. 1968).

■ It appears that certain factors ought to enter into the Board's determination, however. The first and foremost is closer adherence to the regula-

tions. The "boiler plate" reason for denial of parole, namely, "your release at this time would depreciate the seriousness of the offense committed and is thus incompatible with the welfare of society" requires explanation under the regulations. 28 C.F.R. § 2.13(c).

In this regard, in United States ex rel. Johnson v. Chairman, New York State Board of Parole, *supra*, the court of appeals labeled as a questionable policy

. . . denying parole where, because of the type of offense for which he had been committed, the prisoner has not yet served an "appropriate period" of incarceration that satisfies unarticulated and possibly inconsistent views of Board members regarding community retribution, incapacitation, or general deterrence, despite the prisoner's readiness for the community and lack of need for further institutional control. 500 F.2d 925, 931.

Furthermore, the *Johnson* court indicated that a statement of the "essential facts upon which the Board's inferences are based" is necessary and desirable. 500 F.2d 925, 934.

An additional consideration is the use of *alleged* offenses in making the decision to parole. It has been intimated that the regulations may allow such use in determining the offense behavior question. Lupo v. Norton, 371 F.Supp. 156 (D.Conn.1974). We express no views at this time on that issue in light of the clear error below.

Because the plaintiff has served the minimum one-third of his maximum term and may qualify for release under the Board's guidelines, this court mandates that the defendant discharge the plaintiff from federal custody, unless within thirty days the United States Board of Parole reconsiders his application for release in a manner consistent with this opinion.

So ordered.