George F. **ROBINSON,**
Plaintiff,

v.

**UNITED STATES BOARD OF
PAROLE,** Defendant.

No. Civ–75–289.

United States District Court,
W. D. New York.

Oct. 30, 1975.

Martoche, Collesano, Abramowitz & Geller, Buffalo, N. Y. (Philip B. Abramowitz, Buffalo, N. Y., of counsel), for plaintiff.

Richard J. Arcara, U. S. Atty., Buffalo, N. Y. (Kenneth A. Cohen, Buffalo, N. Y., of counsel), for the Government.

CURTIN, Chief Judge.

On March 1, 1973, plaintiff was convicted of violating 18 U.S.C. § 2113(b) in that he "[w]ilfully, knowingly and unlawfully did take and carry away, with intent to steal and purloin money belonging to an FDIC–Insured bank, (Ct. 1)," and he was also convicted of violating 18 U.S.C. § 2113(a) in that he "[e]ntered an FDIC–Insured bank with the intent to commit in said bank a larceny, by means of stealing from the bank certain money belonging to and in the care, custody and control of the bank, (Ct. 2)." Judgment and Commitment order, *United States v. Robinson,* CR–1973–88 (W.D.N.Y.1973). Each count arose out of separate incidents at the same bank. He was sentenced, after a period of study under 18 U.S.C. § 4208(b), to five-year terms on each count to be served concurrently. Further, on March 23, 1973, he was convicted of possession of heroin in violation of 21 U.S.C. § 844(a) and sentenced to one year to be served concurrently with the above convictions. Judgment and Commitment order, *United States v. Robinson,* CR–1973–138 (W.D.N.Y.1973). The plaintiff is presently serving these sentences at the Federal Institution at Lewisburg, Pennsylvania.

On September 11, 1974, plaintiff made an appearance before the Board of Parole and a hearing was held. At that time the Board recommended that he be continued to the expiration of his term and parole was denied. This statement was given to the plaintiff:

Your offense behavior has been rated as very high severity. You have a salient factor score of 2.

Guidelines established by the Board which consider the above factors indicate a range of 55–75 months to be served before release for adult cases with good institutional program performance and adjustment. You have been in custody a total of 20 months. After careful consideration of all relevant factors and information presented, it is found that a decision outside the guidelines at this consideration [sic] does not appear warranted.

Letter from Val D. Emery, Case Analyst, United States Board of Parole, dated December 6, 1974.[1]

The plaintiff has alleged and the government has not denied exhaustion of administrative remedies.

On July 16, 1975, this suit was commenced. The plaintiff alleges that the reasons the Board gave him for denial of parole were clearly erroneous and unlawful, and that the proceedings which resulted in the denial and the explanation provided violated his rights to equal protection and due process of the law. Robinson requests the court to remand the case to the Board with instructions that a new hearing be held and that the Board place the plaintiff on parole after he has served thirty-eight months of his sentence.

██ This court in its recent decision, *Billiteri v. United States Board of Parole,* 385 F.Supp. 1217 (W.D.N.Y.1974), examined the bases for reviewing decisions of the Board of Parole and concluded that "judicial examination of the action of the Board to determine whether

---

1. The plaintiff misplaced the initial notice sent to him by the Board; however, he reconstructed the notice from memory in his correspondence to the court and a comparison of this with the letter sent by Mr. Emery indicates he accurately reconstructed the original notice.

or not there has been an abuse of discretion" is proper when the plaintiff, before incarceration, resided in the district in which he seeks relief.[2] *Id.* at 1218–19; *see U. S. A. ex rel. Harrison v. Pace,* 357 F.Supp. 354, 356 (E.D.Pa. 1973). Here, the plaintiff resided in the Western District of New York prior to his incarceration.

The plaintiff places primary reliance in his claim on the fact that records in the parole file indicate that he was convicted of "bank robbery," that this information is false and erroneous, and that this mistake resulted in his offense characteristic being placed in the "very high" category rather than the "high." *See* 28 C.F.R. 2.20, Adult Guidelines Table (1974). According to plaintiff, this alleged improper placement vitally affects the Board's decision as to the amount of time he must spend incarcerated.

The government submitted affidavits from a senior case analyst who attempted to justify the "very high" classification. But, since the Board did not provide these reasons to the plaintiff after denying his parole, the court will not allow someone later to hypothesize reasons for the decision after the fact. The affidavit from the Board is useful only in that it gives the court *partial* insight into the contents of the plaintiff's file.

█ The Board must provide the inmate with reasons for denial of his parole. *Billiteri, supra,* at 1219; *United States ex rel. Johnson v. Chairman, New York State Board of Parole,* 500 F.2d 925, 934–35 (2d Cir.), judgment vacated as moot *sub nom., Regan v. Johnson,* 419 U.S. 1015, 95 S.Ct. 488, 42 L.Ed.2d 289 (1974); *Childs v. United States Board*

*of Parole,* 511 F.2d 1270, 1281–84 (D.C. Cir. 1974); *see also United States v. Stewart,* 478 F.2d 106 (2d Cir. 1973); *Lupo v. Norton,* 371 F.Supp. 156, 161 (D. Conn.1974). Although, in *Lupo,* the district court held that due process did not require that reasons be given upon denial of parole, it did hold that the Board's own recently adopted regulations would require that reasons be given. *Lupo, supra,* at 161; *see* 28 C.F.R. § 2.13(d) (1974). This requirement that reasons be given would be valueless if the Board were allowed to meet it by mere conclusory statements with no indication of the factual determinations for those conclusions. For, if the Board does not set forth these factual bases (or it is allowed to provide them much later when the inmate seeks relief in federal court), the inmate will not know why he has been denied parole so that he can improve his conduct, or correct mistakes, and the district court will not be able to determine if there has been an abuse of discretion. *Candarini v. Attorney General of United States,* 369 F.Supp. 1132, 1137 (E.D.N.Y.1974); *Harrison, supra,* at 357.

In the instant case, the plaintiff alleges his offense characteristic was improperly placed in the "very high" category because his parole file indicated he was convicted of bank robbery. This categorization, combined with the plaintiff's salient factor score of two, resulted in the Board concluding that his total time in prison should be between 55–75 months. *See* Letter from Val D. Emery, *supra,* and 28 C.F.R. § 2.20, Adult Guidelines Table (1974). The plaintiff supports his allegations with a copy of a "Progress Report" dated September 2, 1974, which indicates in one of the head-

---

2. At oral argument, counsel for the government contended that this court did not have jurisdiction in the instant case, citing *United States of America v. Huss and Smilow,* 520 F.2d 598 (2d Cir., decided July 25, 1975). Most crucial to that court's finding of lack of jurisdiction in that case, where a motion seeking to compel the government to provide special diets for the incarcerated defendants was made after sentence in a criminal case, were the facts that " . . . the application below was not filed as a civil action, no docketing fee was paid, no summons or complaint was filed or served, and no federal respondent was named or served" and "neither the two-page motion nor the testimony indicates facts which would establish venue . . . ." *Id.,* at 605. In the instant case, every one of these requirements has been met.

ings that his sentence was "5 yrs—Bank Robbery." The text of the report contains this statement: "Robinson received a 30 year term under Provision of 4208(b) for charges of Bank Larceny and Attempted Bank Larceny." The Judgement and Commitment order cited at the beginning of this decision and the transcript of the sentencing clearly indicate that Robinson was never convicted of "Bank Robbery" and that he was sentenced to two concurrent five-year terms under § 4208(a)(2).[3] Since the Board did not give reasons for its decision to deny parole, it cannot be accurately determined what part that erroneous "Progress Report" played in that determination. However, the Board's regulations mandate:

> Decisions as to whether a parole shall be granted or denied shall be determined on the basis of the application, if any, submitted by the prisoner, together with the classification study and all reports assembled by all the services which shall have been active in the development of the case.

28 C.F.R. § 2.21 (1974).

■ It must be assumed that the erroneous "Progress Report" was considered by the Board in denying Robinson parole. Indeed, it was the most recent document before the Board and could have received preferential treatment because of that fact and because it contains the recommendations of the parole personnel working most closely with the inmate in the institution.

An examination of the statute under which Robinson was convicted, 18 U.S.C. § 2113, indicates the source of part of the confusion.[4] What is commonly termed bank robbery is proscribed in the first paragraph of § 2113(a). But Robinson was indicted and convicted of violating the second paragraph of § 2113(a) and the first paragraph of § 2113(b). Apparently the parole officer described the plaintiff's offense as "Bank Robbery" after seeing Robinson's conviction was for violating § 2113(a).

■■ Further confusion is added to the case because the Board improperly characterized Robinson's conviction for violation of § 2113(a) as "Attempted Larceny" from the time it compiled his presentence report (April, 1973) up to and including the affidavits in this case. Affidavit of John F. Sicoli, United States Board of Parole. In Count 1, the plaintiff was convicted of bank larceny [§ 2113(b)], which carries a maximum penalty of ten years and/or a fine of $5,000 if the amount taken exceeds $100. However, identifying Robinson's conviction under Count 2 for violating §

---

3. Since Robinson was originally sentenced under 18 U.S.C. §§ 4208(a) and 4208(b) for study and the maximum sentences he could have received totalled thirty years, it was correct to say he was sentenced to thirty years for a time. But, after he was sentenced to two five-year concurrent terms in September, 1973, it was incorrect to say only that he was sentenced to thirty years.

4. Section 2113(a) and (b) of Title 18, United States Code read as follows:
   (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or
   Whoever enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank or such savings and loan association and in violation of any statute of the United States, or any larceny—
   Shall be fined not more than $5,000 or imprisoned not more than twenty years, or both.
   (b) Whoever takes and carries away, with intent to steal or purloin, any property or money or any other thing of value exceeding $100 belonging to, or in the care, custody, control, management, or possession of any bank, credit union, or any savings and loan association, shall be fined not more than $5,000 or imprisoned not more than ten years, or both; . . . ..

2113(a), which has a maximum penalty of twenty years and/or a fine of $5,000 as "Attempted Larceny," is incorrect. Under Count 2, the plaintiff was convicted of entering a bank with the intent to commit a larceny. While an individual who attempts a larceny and is unsuccessful may be charged under § 2113(a), proof of the attempted larceny is useful, although not necessary, since the elements which have to be proven are entering or attempting to enter a bank *and* intent to commit a felony or larceny. *Prince v. United States*, 352 U.S. 322, 328, 77 S.Ct. 403, 1 L.Ed.2d 370 (1957); *see Prince* and *Jerome v. United States*, 318 U.S. 101, 63 S.Ct. 483, 87 L.Ed. 640 (1943), for a history of 18 U.S.C. § 2113. This and not attempted larceny is the crime for which Robinson was indicted and for which he was convicted. *United States v. Robinson*, CR–1973–88, Indictment and Instruction to the Jury, Transcript, Vol. 3 at 290 (W.D.N.Y. 1973). This section can be contrasted with § 2113(b), in which the elements of the crime are taking and carrying away with the intent to steal or purloin. Section 2113(b) was designed "to cover a situation where a person entered a bank with no unlawful intent, but after entry formed an intent to commit, and committed a larceny, or where a larceny was committed and the fact of entry with unlawful intent could not be established." *Purdom v. United States*, 249 F.2d 822, 827 (10th Cir. 1957), *cert. denied*, 355 U.S. 913, 78 S.Ct. 341, 2 L.Ed. 2d 273 (1958); *Brunjes v. United States*, 329 F.2d 339, 341 (7th Cir.), *cert. denied*, 377 U.S. 983, 84 S.Ct. 1892, 12 L.Ed.2d 751 (1964). To construe the second paragraph of § 2113(a) as attempted larceny results in the incongruous result of a successful larcenist facing a ten-year maximum sentence and the unsuccessful larcenist facing a twenty-year maximum term. Congress did not intend such a result. *Purdom, supra,* at 827.

■ Since the Board did not provide the factual bases for its conclusions in denying Robinson parole, and it has been proven that there was erroneous information in his parole file, this case is remanded to the Board for a new hearing and a decision within sixty days of the date of this order. *Billiteri, supra,* at 1220. Before this hearing, the errors contained in the plaintiff's file must be corrected. The Board must base its decision ". . . upon consideration of all relevant factors, . . ." and it must furnish ". . . to the inmate both the grounds for the decision . . . and the essential facts upon which the Board's inferences are based . . . ." *Johnson, supra,* at 934.

■■ The Board should note that it may not place Robinson's offense characteristic in the "very high" category even though his conviction of entering a bank with intent to commit a larceny is in the same statutory section and subsection and carries the same maximum penalty as bank robbery, which *is* in the "very high" category.[5] The Supreme Court made it clear that the crime of entering or attempting to enter a bank with intent to commit a felony or larceny is ". . . less serious than robbery . . ." and is considered one of the ". . . lesser offenses." *Prince, supra,* 352 U.S. at 326–327, 77 S.Ct. at 405; *see also Williamson v. United States*, 265 F.2d 236, 238 (5th Cir. 1959).

■ When the government attempted to justify the "very high" rating given as plaintiff's offense characteristic in this court, it argued that the Board could increase the severity of the offenses since multiple crimes were involved. 28 C.F.R. § 2.20, Adult Guidelines Table, n. 3 (1974). This court has already in-

---

5. 28 C.F.R. § 2.20, Adult Guidelines Tables, n. 1 (1974). This section authorizes such increase in some instances: "If an offense is not listed above, the proper category may be obtained by comparing the severity of the offense behavior with those of similar offenses listed."

dicated that it would not consider such after-the-fact justification since it had not been given in the notice to the prisoner. However, one point that was raised in that exchange deserves comment. The plaintiff's counsel complained that if the Board could use Robinson's conviction for possession of narcotics in such a fashion, it would be counting that conviction twice, once in the offense characteristic categorization, and a second time in the salient factor score computation. *See* 28 C.F.R. § 2.-20, Adult Guidelines Evaluation, Worksheet, Item F. (1974). While this point need not be decided, the court notes that drug dependence or addiction, if it can be established that the inmate became involved in the crime because of it, may be a mitigating factor that would reduce the offense severity under 28 C.F.R. § 2.20(d) (1974). *Parole Release Decisionmaking and the Sentencing Process,* 84 Yale L.J. 810, 837 (1975).

This case is remanded to the Board with instructions that a new hearing be held and a decision rendered within sixty days of the date of this order.

So ordered.